[Civ. No. 6517. First Appellate District, Division One.—March 2, 1929.]

JOSEPH FLORES, Appellant, v. J. C. TOFFELMIER et al., Respondents.

Edwin H. Williams for Appellant.

Roscoe D. Jones and J. M. Koford for Respondents.

BARNARD, J., pro tem.—The facts in this case are essentially the same as those in *Brewis* v. *Toffelmier et al.,*

*ante*, p. 329 [275 Pac. 819]. The plaintiff herein purchased shares of stock in the same enterprise involved in that case, in the latter part of December, 1920, and again in March, 1921. In general, the allegations of the complaint as to claimed misrepresentations and conspiracy, and the findings of the court, are the same in both cases. The cases were tried together, in conjunction with still two other cases, and this appeal is from a similar judgment in favor of the defendants. While there is a separate appeal in each case, all four cases were submitted on a single set of briefs. While there are claims of minor misrepresentations in this case, not raised in the Brewis case, these are flatly contradicted in the evidence, and call for no discussion. Most of our discussion in the case of *Brewis* v. *Toffelmier, supra,* applies as well to the points raised here.

■ This plaintiff testified that copies of the printed prospectus, referred to in the Brewis case, were given him by two of the defendants, and further that he relied upon the representations contained therein. The two defendants concerned denied giving him such copies. Nothing in the prospectus was proved, without contradiction, to have been a misrepresentation, and the court found the statements therein were true when made, it being also found that while the statements therein relative to selling the stock without paying broker's commissions were true when made, this plan was later abandoned as unsuccessful. Appellant urges that these were continuing representations, upon which he was entitled to rely until personally notified of any change. Assuming such to be material misrepresentations, which is doubtful, the making of them was denied. And there is some evidence that he did not believe such representations or rely upon them. He testified that he presumed at the time that the person selling him stock was being paid. He also testified: "I thought the company was running along good. Many people spoke about it, it was known around town, everybody was speaking about it. I would hear them, but I could not remember anybody. There were hundreds of stockholders. It was a sort of local industry that people had pride in. I heard people speak of it prior to the time I bought stock. They said it was a good thing. It brought more people into town and made business. More valuable real estate, all that sort of stuff. . . . I thought I would help

it along. That is why I bought the stock, to a certain extent." And again, in March, 1921, before he bought three additional blocks of stock, he was offered a discount, and testified that the fact that the stock had gone down five per cent since December caused him to do some thinking. The finding that such misrepresentations were not made or relied upon is supported by the evidence.

The court found this action was barred by the statute of limitations. The action was filed in July, 1924. The plaintiff testified he first discovered the fraud in March, 1922. But he further testified in reference to March, 1921, when he bought his last stock: "I presumed he was getting compensation. I naturally presumed that he wasn't working for nothing." And in reference to the discount he received on the same occasion, "if the stock had gone down five per cent in value since I bought my first stock, it caused me to do some thinking." These statements go to the alleged misrepresentations most complained of, namely, the non-payment of any commissions and the value of the stock. We think they were sufficient to put him upon his guard at that time, and that this finding of the court is sustained.

For the reasons given in *Brewis* v. *Toffelmier, supra,* and the additional reasons herein set forth, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 1, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1929.

All the Justices present concurred.